**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Henry Nelson WYNN, Defendant-
Appellant.**

No. 73–2976.

United States Court of Appeals,
Fifth Circuit.

April 26, 1974.

Louis Regenstein, Emmet J. Bondurant II, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Richard Buhrman, John P. Burke, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before ALDRICH, Senior Circuit Judge,* and BELL and GEE, Circuit Judges.

PER CURIAM:

Appellant was convicted on twenty-four counts of a twenty-five count indictment charging crimes against the revenue. Counts One through Ten charged the filing of false and fraudulent personal income tax returns for the years 1965 through 1969, and the mak-

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

ing and subscribing of the same returns. 26 U.S.C.A. §§ 7201, 7206(1). Counts Twelve through Twenty-five charged appellant with having willfully failed to file corporate income tax returns for various years for three corporations of which he was president and principal shareholder. 26 U.S.C.A. § 7203. Appellant was acquitted on Count Eleven which charged the filing of a false corporate income tax return. We affirm.

■ Appellant mounts a vigorous attack on the government's contentions as to additional income. We have carefully examined the evidentiary basis for the extra income attributed to him, in the form of both unreported income and improper deductions. The basis in each instance was ample to make a jury question. It is undisputed that no corporate income tax returns were filed and the only issue with respect to them is whether the proof of willfulness was sufficient. We conclude that it was, as to both the corporate and the individual income counts.

The real issue in the case gets down to whether appellant was denied a fair trial, and this question must be answered in light of a number of trial events which are asserted as being prejudicial, at least if considered cumulatively.

In an imaginative effort to show something akin to unfairness, it is urged that the particular events must be viewed in the background of (1) appellant, a black man, being tried before an all white jury, and (2) the trial technique of the government in using a witness who employed a twenty-eight page exhibit summarizing the government's proof as to the amount and source of appellant's adjusted gross income for the years in question, as well as the gross receipts of the three corporations.

Actual prejudice is claimed in the prosecution's introduction of evidence involving business matters of appellant in an unsuccessful effort to show them as sources of additional income. This evidence, as well as the mass of evidence actually showing additional income, is said to have overwhelmed the jury. The jury returned its verdict in one hour and ten minutes and this is suggested as proof of bias and disinterest on the part of the jury. At one point counsel for the government asked a witness about appellant wearing suits costing $350 (objection sustained); at other points, whether witnesses had heard that appellant was arrested on a lottery charge in 1968 (cross-examination of character witnesses). Complaint is also made of an argument, based on the testimony of appellant, that he drove a new Cadillac which was purchased by one of the corporations.

■ We do not find prejudicial error in these matters whether considered separately or on a cumulative basis.

The sum of the matter is that appellant owned three corporations and four proprietorships during the years in question. In round figures, he reported an average annual income of $5,600 individually while the jury could have believed that his taxable income averaged $28,000 annually. Despite substantial gross receipts, no corporate tax returns whatever were filed on behalf of the corporations.

We find an abundance of evidence for submission of the issue made on each count to the jury. Appellant received a strong defense in a fair trial and has had full consideration on appeal.

Affirmed.